## Case No. 16,221.

### UNITED STATES v. SANDFORD.

[1 Cranch, C. C. 323.] [1]

Circuit Court, District of Columbia. July Term, 1806.

#### INDICTMENTS—NAME OF PROSECUTOR.

It is no ground for general demurrer to an indictment, for a misdemeanor under the laws of Virginia of 1792 and 1795, that the name of a prosecutor is not written at the foot of the indictment.

[Cited in U. S. v. Helriggle, Case No. 15,-344.]

Indictment, for assault and battery. General demurrer, because the name of a prosecutor was not indorsed according to the act of assembly.

E. J. Lee, for the traverser, cited the law of Virginia of November 13, 1792, and read the title of the act to show the intent to prevent vexatious and malicious prosecutions. The 24th section (page 105) requires that "the name and surname of the prosecutor, and the town or county in which he shall reside, with his title or profession shall be written at the foot of every bill of indictment for any trespass or misdemeanor before it be presented to the grand jury." By the 25th section the prosecutor is to answer for costs, and by the 28th section may be compelled to give security for costs. There must be a prosecutor to every indictment for a misdemeanor. The act of 1802 (page 431), by excepting cases where the indictment is sent up by order of court, or found on the knowledge of two of the grand jury, shows this to be the true construction; so also the act of

1795 (page 346), which requires that the names of the grand jurymen upon whose knowledge an indictment is found, and of the witnesses who have been called upon by the court or the grand jury, shall be indorsed on the indictment, declares that they shall not be liable for costs, implying thereby that if not called upon by the court or the grand jury they would be liable for costs. In the cases of U. S. v. Jamesson [Case No. 15,466], and U. S. v. Singleton [Id. 16,293], the objection was taken in arrest of judgment, which was supposed to come too late.

Mr. Jones, for the United States. The law did not mean that misdemeanors could not be prosecuted without a prosecutor. It did not mean to include those of a public nature, such as perjury, conspiracy, forgery, &c., but contemplated only such as result from an injury to a single individual. The construction depends upon the subject-matter upon which the legislature were legislating. The defendant relies upon a negative pregnant, viz., that no indictment shall be sent to the grand jury without a prosecutor. But the true construction is that where there is a prosecutor his name shall be indorsed; but where there is no prosecutor his name cannot be indorsed. The "prosecutor" means a person who prosecutes in the name of the United States, or in the name of the United States and himself. The civil law calls him "delator." The prosecutor is not bound to pay the costs of the United States; he is only liable for the defendant's costs. The only penalty for not giving security for costs is, that the indictment shall be dismissed with costs, that is, costs against the commonwealth. "Prosecutor" means one who shares the penalty. Cowell, in his Interpreter (tit. "Prosecutor"), defines him as one that follows a cause in another's name. He calls them "promoters"—"promotores," who prosecute in their own name and the king's. The oath of a grand juror is, that he shall present things that otherwise come to his knowledge. The practice in Virginia is variable. It has never been settled by the court of appeals. The construction, contended for by the defendant, would submit the whole penal code to the mercy of an individual.

Mr. E. J. Lee, in reply. It does not put the penal code in the power of an individual. It is not necessary that any one should take upon himself the odium of prosecuting. The grand jury or the court may call upon witnesses. The attorney-general, ex officio, may file an information. The court may order a bill of indictment. If the grand jury do not call on the witness, nor the court, nor the attorney-general, and the witness goes voluntarily to the grand jury, the legislature meant that there should be a prosecutor liable for the defendant's costs. As to the 25th section, if the prosecutor fails to give security for costs, the indictment is dismissed with costs against the prosecutor, not

[1] [Reported by Hon. William Cranch, Chief Judge.]

against the commonwealth. Affirmative statutes, giving a remedy, are to be construed as implying a negative of other remedies.

CRANCH, Chief Judge. This is an indictment for an assault and battery, to which there is a general demurrer, on the ground that the name of a prosecutor, &c., was not written at the foot of the indictment before it was presented to the grand jury. The words of the 24th section of the law are: "And the name and surname of the prosecutor, and the town or county in which he shall reside, with his title or profession, shall be written at the foot of every bill of indictment for any trespass or misdemeanor, before it be presented to the grand jury." But the act does not say what shall be the consequence of an omission to comply with the command. It does not say that the indictment shall be quashed or dismissed, nor impose any penalty, or create any disability in the indictment; it does not say that such omission shall vitiate the indictment or render it void. But if it is made a necessary part of an indictment, perhaps the want of the name may be taken advantage of on general demurrer. The question, then, will be, whether it be a necessary part of every indictment for a trespass or misdemeanor, that the name of the prosecutor, &c., should be written at its foot. If the words of this section are construed strictly, and if the omission to write the name of the prosecutor vitiates and renders void the indictment, then it is not in the power of government, nor of the grand jury, to prosecute an offender who has been guilty of the grossest misdemeanor, unless some individual person will become prosecutor, and make himself responsible for costs. For the words of the law are, "every bill of indictment for a trespass or misdemeanor." The grand jury could not find a bill even on their own knowledge, although bound to do so by their oath. The court could not order a bill to be sent to the grand jury even for the most aggravated trespass or misdemeanor. It would be, as has been justly observed in the argument, to subject the whole authority of government as to the whole penal code, (excepting the case of felony,) to the will of an individual. The 38th section speaks of the prosecutor in all offences, not capital, and authorizes the court to compel the prosecutor to find security for costs. There seems, therefore, not more reason for supposing that the legislature meant to require a prosecutor in all cases not capital, than in those of trespass and misdemeanor only. The phraseology, also, of the act of 1795 (page 346, § 2) countenances the suggestion, that the legislature did not mean to require a prosecutor to every indictment for a trespass or misdemeanor. It supposes the case that such an indictment may be found by a grand jury, upon the knowledge of two of their own body, or upon the testimony of a witness called upon by them, or by the court, and then goes on to enact that the names of such witnesses shall be indorsed on the indictment, but provides that they shall not thereby be subjected to costs. This shows, that by the first act, a prosecutor was not always necessary, and even if he was, yet by the act of 1795, there were three cases in which no prosecutor was required. If, then, it be not necessary that the name of a prosecutor should be indorsed on every indictment for a trespass or misdemeanor, the mere want of such indorsement is not a good ground of general demurrer. Besides, it does not appear that the witnesses, whose names are indorsed on the indictment, were not called upon by the grand jury, or the court. By their names being indorsed, it is to be presumed that they were so called upon, because it is not necessary that in any other case their names should be indorsed. If they were thus called upon, it seems to be a fair inference, from the act of 1795, that no prosecutor was required.

But it is said that the act of January 28. 1802 (page 431), contains evidence of a legislative construction of the act of 1792 (pages 102, 105), and that such construction is to be respected, although the act of 1802 itself is not in force in the District of Columbia. The answer to this is, that it is the province of the judiciary, and not of the legislature, to declare what the law is or has been. The legislature can only say what it shall be. A subsequent declaration by a legislature of the meaning of a prior law, cannot alter that law as to past cases. It cannot give to the law any other construction than that which would have been fairly given by the judicial department. But the preamble of the act of 1792, says only, that there have been doubts as to the construction, for the removing whereof, &c., which must mean, for the future. If it was intended as an ex post facto, or rather a retrospective law, it cannot operate here, because subsequent to our separation from Virginia; if it is only evidence of a legislative construction, it is not more binding on the judiciary, than if it had been an executive construction. It is not, in fact, evidence of any legislative construction; it is only evidence of the existence of doubts in the mind of some person or persons; and even those doubts cannot be supposed to extend farther than the remedy which the legislature applied, which was only to the case of an indictment founded upon a presentment made on the knowledge of the grand jury, or of two of their members. Nothing, therefore, can be inferred from the act of 1802. The words of the act of 1792, are not that the name of "a prosecutor," but, the name of "the prosecutor." By thus using the definite article, the legislature must be presumed to speak of some particular prosecutor. The question which naturally occurs upon the words "the prosecutor." is. what prosecutor? The answer must be, the per-

son who voluntarily goes before the grand jury with his complaint. Before, therefore, you can require that the name of such a prosecutor should be written at the foot of the indictment, you must show his existence. You must show that there was some person who voluntarily complained to the grand jury. Even then it seems doubtful whether a general demurrer would be the mode of taking advantage of the omission.

A general demurrer admits the fact, that the traverser did assault and beat the person named in the indictment. The offence is legally, substantially, and technically set forth. The facts stated in the indictment are all well pleaded, and therefore are all admitted by the demurrer. It would be a strange construction of the act, which would suppose that the legislature intended that the traverser, after confessing himself guilty, should avail himself of a provision which was only to enure to his benefit in case of his innocence. It seems to the court, that the only mode of taking advantage of the omission, in the case where the advantage could be taken, would be by a motion to quash the indictment, grounded upon the fact apparent upon the record, or supported by affidavit, that some person (naming him) did voluntarily complain to the grand jury of the offence stated in the indictment.